|  |  |
|---|---|
| MARCELO LARIOS FERNANDEZ, Inmate # 87515-298,<br><br>                               Plaintiff,<br><br>v.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br><br>                              Defendant. | Case No.: 21-CV-1011 JLS (DEB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO FILE PROPERLY SUPPORTED MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

      Plaintiff Marcelo Larios Fernandez ("Plaintiff"), currently incarcerated at the Metropolitan Correctional Center ("MCC") in San Diego, California, is proceeding pro se in this action brought pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl.").

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff filed this case on May 26, 2021. *See generally* Compl. At that time, Plaintiff did not pay the $402 civil and administrative filing fee or file a Motion to Proceed IFP. Subsequently, on June 23, 2021, Plaintiff submitted a Motion to Proceed IFP, but without attaching the certified copies of Plaintiff's trust account statements "for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of [the] prison at which [Plaintiff] is . . . confined," as required by 28 U.S.C. § 1915(a)(2) *See generally* ECF No. 2 ("IFP Mot."). Without copies of Plaintiff's trust account statements from the relevant period, the Court cannot assess what, if any, partial filing fee may be required by 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action *sua sponte* **WITHOUT PREJUDICE** for failure to pay the $402 civil filing and administrative fee or to submit a properly supported Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff <u>forty-five (45) days'</u> leave from the date on which this Order is electronically docketed to either: (a) prepay the entire $402 civil filing and administrative fee in full, or (b) "submit a certified copy of the trust fund account statement

---

Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

(or institutional equivalent) for [Plaintiff] for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of [the] prison at which [Plaintiff] is . . . confined." *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

**IT IS FURTHER ORDERED** that if Plaintiff fails to either prepay the $402 civil filing and administrative fee or submit the necessary certified copies of his trust account statements within 45 days, this action will remain dismissed without prejudice and without further Order of the Court based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: June 29, 2021

Hon. Janis L. Sammartino
United States District Judge