UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ, INMATE #87515-298,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br><br>Defendant. | Case No. 21-CV-1011 JLS (DEB)<br><br>**ORDER (1) DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE AND (2) DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>(ECF No. 5) |

On May 26, 2021, Plaintiff Marcelo Larios Fernandez ("Plaintiff" or "Fernandez"), a federal prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. On June 23, 2021, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), *see* ECF No. 2, and on June 28, 2021, he filed a motion for appointment of counsel, *see* ECF No. 5 ("Counsel Mot.").

The Court denied Plaintiff's application to proceed IFP because it failed to contain the necessary financial documentation required by 28 U.S.C. § 1915(a)(2). *See* ECF No. 3 ("Order") at 2 (citing *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (holding that, in order to qualify to proceed *in forma pauperis*, prisoners are required to submit "their prison trust account records"); 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to [proceed *in*

*forma pauperis*] . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint.")).  The Court therefore dismissed this action without prejudice to Plaintiff either paying the filing fee or submitting a properly supported application to proceed IFP no later August 13, 2021.  *See id*. at 3.  Plaintiff was instructed that failure to timely pay the filing fee or submit a properly supported IFP application would result in the Court entering final judgment.  *See id*.  The time for Plaintiff to respond to the Court's Order has passed, yet the Court has received no communication from Plaintiff.

The Court has discretion to dismiss *sua sponte* a case for lack of prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Only factor three does not weigh in favor of dismissal, as the Court has informed Plaintiff of his need to either pay the filing fee or submit a properly supported IFP application in order to proceed with this action, yet he has provided the Court with no indication that he intends to do either.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with the docket management and the public interest."); *Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981) (noting that the court is not required to exhaust all alternatives prior to dismissal); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006)

(recognizing that the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").

Weighing these factors, the Court finds dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[W]e may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263); *see also Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) ("While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor.").

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to satisfy the filing fee requirement and failure to prosecute this action. The Court **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file. The Court further **DENIES** Plaintiff's Counsel Motion (ECF No. 5) as moot.

**IT IS SO ORDERED.**

Dated: August 25, 2021

Hon. Janis L. Sammartino
United States District Judge